UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-21015-Civ-COOKE/TORRES

OLIVIER MARTELLY,

    Plaintiff,

vs.

LEOPOLD L. JOSEPH, individually,
RAYMOND A. JOSEPH, individually,
and LEOPOLD L. JOSEPH d/b/a
HAITI OBSERVATEUR GROUP,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO VACATE AND SET ASIDE
FINAL DEFAULT JUDGMENT**

THIS CASE is before me on Defendants Leopold L. Joseph and Leopold L. Joseph d/b/a Haiti Observateur Group's Motion to Vacate and Set Aside Final Default Judgment and Related Show Cause Orders and Memorandum of Law ("Motion to Vacate") (ECF No. 47). In their Motion, Defendants contend that the Final Default Judgment entered against them must be vacated as void as a result of ineffective service of process. Defendants further contend that they have meritorious defenses to Plaintiff's claims and that venue is improper. In Plaintiff's Response to Defendant's Motion to Set Aside Final Default Judgment and Related Show Cause Orders (ECF No. 51), Plaintiff Olivier Martelly contends service of process was proper, especially because Defendant Leopold L. Joseph ("Mr. Joseph") actively evaded service of process. Plaintiff further contends that Defendants have not shown any excusable neglect or meritorious defenses for their failure to timely respond to Plaintiff's Complaint.

**I. BACKGROUND**

Service of process has been an issue in this case from the very beginning. On October 8, 2013, I entered an Order to Show Cause (ECF No. 9) ordering that Plaintiff show cause why his case should not be dismissed for failure to effect service of process pursuant to Fed. R. Civ. P. 4(m). In response, Plaintiff requested additional time to effect

service of process (ECF No. 10), which I granted on October 31, 2013 (ECF No. 11) with the caveat that failure to effect service of process within the time period specified would result in a dismissal of this action.  On August 29, 2014, I dismissed Plaintiff's case without prejudice (ECF No. 18) for Plaintiff's failure to prosecute.  On October 7, 2014, Plaintiff filed a Motion for Reconsideration of Order of Dismissal (ECF No. 19) and outlined the difficulties various process servers had encountered in effecting service of process on Defendants.  I granted Plaintiff's Motion on October 8, 2014 and reopened his case (ECF No. 22).

Plaintiff then filed, on October 9, 2014, an Affidavit of Service for Defendant Mr. Joseph, wherein process server Curtis Moore declared "under penalty of perjury" that he served Leopold L. Joseph on February 15, 2014 at 11:20 AM at 13968 86th Avenue, Jamaica, New York 11835 (ECF No. 23-1).[1]  Mr. Moore provided the following details with regard to the events that occurred that day:

> On 2/15/2014 at the door of 13968 86th Ave Jamaica NY a male voice cam [sic] to door I ID myself as Curtis Moore and state I have some paper for Mr. Joseph I said I need them sign for.  He refuse [sic] to open the door I ask for his name and D.O.B. he said Leopold Joseph and D.O.B. 11/23/38 and told to place in mailbox
>
> Mr. Leopold Joseph refuse to open door give me is [sic] D.O.B. from behind the door of 13968th Ave Jamaica NY told to place in mail box which I did took pictures of house and mailbox. D.O.B. given 11/22/38

*See* ECF No. 23-1.  Plaintiff then moved for a Clerk's Entry of Default (ECF No. 24), which the Clerk granted on October 10, 2014 (ECF No. 25).  I entered an Order Requiring Motion for Default Judgment and Order to Show Cause on October 21, 2014 (ECF No. 26), ordering, in part, that Defendant Mr. Joseph show cause within seven days why default judgment should not be entered against him.  Plaintiff filed his Motion for Entry of Default Judgment and Request for Evidentiary Hearing on Damages (ECF No. 29) on October 28, 2014 and I scheduled an evidentiary hearing for February 25, 2015 (ECF No. 40).  In that Endorsed Order, I required Plaintiff to personally serve Defendant Mr. Joseph with my

---

[1] Process server Curtis Moore completed an identical Proof of Service for his service of Defendant Leopold L. Joseph d/b/a Haiti Observateur Group.  *See* ECF 27-1.

Order and file a notice of full compliance.  Plaintiff filed his Certificate of Compliance with DE 40 on February 25, 2015 (ECF No. 42).

After considering the evidence presented at the hearing, and noting Defendants' absence, I entered Final Default Judgment on February 26, 2015 in favor of Plaintiff Olivier Martelly and against Defendants Leopold L. Joseph and Leopold L. Joseph d/b/a Haiti Observateur Group in the amount of $250,000.00 as compensatory damages and $1,000,000.00 as punitive damages (ECF No. 44).  Defendants then filed the instant Motion to Vacate on March 27, 2015.

## II. DISCUSSION

"Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process." *Prewitt Enter., Inc. v. O.P.E.C.*, 353 F.3d 916, 925 n. 14 (11th Cir. 2003) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)).  "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Center*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Service must substantially comply with the formal requirements of the Federal Rules of Civil Procedure. *Prewitt Enter., Inc.*, 353 F.3d at 925.  While it is an important factor in deciding if service of process is adequate, actual notice of a lawsuit, standing alone, does not give the court personal jurisdiction over the defendant. *Id.*

Defendants seek relief from the default judgment entered against them pursuant to Fed. R. Civ. P. 60(b).  Rule 60(b) lists six grounds upon which relief from a final judgment can be granted.  Defendants rely upon numbers one, four, and six, but this Order will specifically address number four.  Rule 60(b)(4) states that a court can relieve a party from a judgment that is void.  A judgment can be set aside as void where the court lacked jurisdiction or the movant was denied due process. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014).  However, "there are limitations on this doctrine [that jurisdictional defects are grounds for granting a 60(b)(4) motion] … [including] that objections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Defendants argue that the default judgment entered against them is void because they were not validly served with process.  Federal Rule of Civil Procedure 4(e) provides

3

that "an individual … may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or … delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(1), (2)(A). Thus, in this case, service may be made in compliance with Florida law, New York law, or by personal service under the Federal Rules. Personal service under the Federal Rules may be made by "[a]ny person who is at least 18 years or older and [who is] not a party." Fed. R. Civ. P. 4(c)(2). "[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Andujar v. All Coast Transporters, Inc.*, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) (internal quotation marks omitted).

Defendants challenge service of process under New York law. However, I must first address whether service of process was made in accordance with Florida law or the personal service provision of Rule 4, since any challenge to service under New York law would fail if Defendants were properly served pursuant to Florida law or Fed. R. Civ. P. 4(e)(2)(A). *See Hanna v. Plumer*, 380 U.S. 460, 473 (1965) (holding that compliance with an earlier counterpart of now Rule 4(e)(2) was sufficient service of process even though the service effectuated would not have complied with state law requirements). The proof of service filed by Plaintiff provides that Plaintiff's process server, Curtis Moore, left the envelope containing the Summons and Complaint in the mailbox at 13968 86th Avenue, Jamaica, New York after a male voice behind the door refused to open the door. As such, it cannot be said that Defendant delivered a copy of the summons and of the complaint to the individual "personally." Therefore, Plaintiff has failed to meet the requirements of personal service per the express terms of Fed. R. Civ. P. 4(e)(2)(A).

Pursuant to Florida Statute § 48.194, "service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served." Florida law provides that individuals may be served by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; (3) by substitute service to the person's spouse; (4) by substitute service to the person in charge of the individual's

4

business at the time of service if two or more attempts to serve the owner have been made at the place of business and if the individual is doing business as a sole proprietorship; or (5) on an authorized agent.  Fla. Stat. § 48.031.  Again, process server Curtis Moore left the envelope containing the Summons and Complaint in the mailbox at an address thought to belong to Defendant Mr. Joseph after a male voice refused to open the door.  This method of service does not comply with any of the above means for effectuating service of process under Florida law.  Therefore, Plaintiff has failed to meet the requirements of personal service per the express terms of Fla. Stat. § 48.031.

Under New York law, personal service may be made by: (1) delivering the summons within the state to the person to be served; (2) delivering the summons within the state to a "person of suitable age and discretion at the actual place of business, dwelling place or usual abode of the person to be served" and then mailing a copy to the person to be served at his last known residence or actual place of business; or, (3) where service cannot be made using the above methods, by affixing the summons to the door of the actual place of business, dwelling place or usual abode and mailing the summons to such person at his last known residence or actual place of business.  N.Y.C.P.L.R. 308.  Under Rule 308(1), delivering the summons within the state to the person to be served means "in-hand" delivery of the summons to the defendant.  *Nat'l Bank of Nothern New York v. Grasso*, 79 A.D.2d 871 (N.Y. App. Div. 1980).

It is clear from process server Curtis Moore's Affidavit of Service that he did not deliver the Summons and Complaint into Defendant Mr. Joseph's hands.  However, in a recognized exception to the strict requirement of hand delivery, where the person to be served is clearly attempting to resist or evade service, the summons may be left in close proximity to the person to be served or near the door that the person to be served refused to open.  *See Patane v. Romeo*, 235 A.D.2d 649, 652 (N.Y. App. Div. 1997).  But, the plaintiff bears the burden of demonstrating some type of affirmative act by the defendant, which evidences a deliberate attempt to resist service.  *See Matter of McCarthy*, 168 Misc. 2d 874, 877 (N.Y. Sup. Ct. 1996).  Under Rule 308(1), "if the person to be served interposes a door between himself and the process server, the latter may leave the summons outside the door, provided the person to be served is made aware that he is doing so."  *Bossuk v. Steinberg*, 58

5

N.Y.2d 916, 918 (N.Y. 1983). Additionally, the person evading service must also be made aware that service of process is being made. *Id.* at 916.

Here, while Plaintiff alleges that Defendant actively avoided service of process, Plaintiff has failed to submit any evidence in support of that contention. In fact, to date, Plaintiff has failed to comply with my Endorsed Order to file "affidavits from any individuals involved with service of the Summons and Complaint in this matter." *See* ECF No. 53. Therefore, in considering the present motion, all I have before me is Curtis Moore's Affidavit of Service, wherein he identified himself as "Curtis Moore," stated he had "some paper" for Mr. Joseph, and subsequently left the papers in the mailbox. Nowhere in his affidavit of service does Mr. Moore state that Mr. Joseph avoided service in the past; nor does Mr. Moore state that he informed the voice behind the door that he was there to serve Mr. Joseph with legal process. Instead, he states that he has "some paper" for Mr. Joseph. Per Rule 308(1) and attendant caselaw, Mr. Moore's service of process on Mr. Joseph was insufficient because Mr. Joseph was not served personally, there is no evidence indicating that Mr. Joseph avoided service, and Mr. Joseph, assuming he is the male voice behind the door, was never made aware that he was being served with legal process.

### III.     CONCLUSION

Therefore, for the reasons explained herein, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Vacate and Set Aside Final Default Judgment (ECF No. 47) is **GRANTED**.
2. The Final Default Judgment (ECF No. 44) entered against Leopold L. Joseph and Leopold L. Joseph d/b/a Haiti Observateur Group is **VACATED**.
3. Plaintiff shall have fourteen (14) days from the date of this Order within which to effectuate proper service of process on Defendant Leopold L. Joseph and Leopold L. Joseph d/b/a Haiti Observateur Group.
4. In the interim, this case shall remain **CLOSED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 21st day of March 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*